1  SPENCER SMITH (SB# 236587)
   spencer@smithpatten.com
2  DOW W. PATTEN (SB# 135931)
   dow@smithpatten.com
3  SMITH PATTEN
4  353 Sacramento Street, Suite 1120
   San Francisco, California 94111
5  Telephone:  1(415) 402-0084
   Facsimile:  1(415) 520-0104
6

7  Attorneys for Plaintiffs
   JOHNSON, ECUNG, MILLER, PALMER,
   NOBLE, JONES, ROBINSON, ROANE, RICKETTS,
8  TOM, CROCKER, MANSWELL,
   MINTER, WASHINGTON, WILSON,
9  SHERMAN, HANEY, JOHN, BRISCOE,
   HARTSFIELD
10

11 *Additional counsel and related cases
   listed on next page.*

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15 ELDRIDGE JOHNSON, an individual,      | CASE NO. 3:12-CV-02730-VC

16              Plaintiff,               | **JOINT CASE MANAGEMENT
                                         | CONFERENCE STATEMENT AND
17        vs.                            | [PROPOSED] ORDER**

18 UNITED AIR LINES, INC.;
19 CONTINENTAL AIRLINES, INC.; and       | Date:        June 23, 2015
   DOES 1-10,                            | Time:        10:00 a.m.
                                         | Courtroom:
20              Defendants.              | Judge:       Hon. Vince Chhabria

21                                       | Complaint filed:    May 29, 2012
                                         | FAC filed:          July 20, 2012
22                                       | SAC filed:          Nov. 30, 2012
                                         | TAC filed:          May 20, 2013
23                                       | Corrected TAC filed June 21, 2013
                                         | 4AC filed:          January 3, 2014
24                                       | 5AC filed           March 2, 2015

25

26

27

28

DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JENNIFER S. BALDOCCHI (SB# 168945)
jenniferbaldocchi@paulhastings.com
JI HAE KIM (SB# 275020)
jihaekim@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

GARY T. LAFAYETTE (SB# 088666)
glafayette@lkclaw.com
LAFAYETTE & KUMAGAI LLP
100 Spear Street, Suite 600
San Francisco, CA 94105
Telephone:  1(415) 357-4600
Facsimile:  1(415) 357-4605

Attorneys for Defendants
UNITED AIRLINES, INC. AND
CONTINENTAL AIRLINES, INC.

*Related cases:*
Ecung, Mario v. United Airlines, Inc. et al. 3:15-cv-00456 VC
Miller, Leon v. United Airlines, Inc. et al. 3:15-cv-00457 VC
Palmer, Xavier v. United Airlines, Inc. et al. 3:15-cv-00458 VC
Montgomery, United Airlines, Inc. et al. 3:15-cv-00459 VC
Gadson, Annette v. United Airlines, Inc. et al. 4:15-cv-00460 VC
Noble, Paul C. v. United Airlines, Inc. et al. 3:15-cv-00461 VC
Jones Jr., Johnnie E. v. United Airlines, Inc. et al. 3:15-cv-00462 VC
Robinson, Frederick v. United Airlines, Inc. et al. 4:15-cv-00463 VC
Roane, Glen v. United Airlines, Inc. et al. 3:15-cv-00464 VC
Ricketts, David v. United Airlines, Inc. et al. 3:15-cv-00465 VC
Tom, Lester v. United Airlines, Inc. et al. 3:15-cv-00466 VC
Crocker, Sal v. United Airlines, Inc. et al. 3:15-cv-00468 VC
Manswell, Anthony v. United Airlines, Inc. et al. 3:15-cv-00469 VC
Minter, Karl v. United Airlines, Inc. et al. 3:15-cv-00470 VC
Washington, Erwin v. United Airlines, Inc. et al. 4:15-cv-00471 VC
Wilson, Darryl v. United Airlines, Inc. et al. 3:15-cv-00472 VC
Sherman, Leo v. United Airlines, Inc. et al. 3:15-cv-00473 VC
Haney, Ken v. United Airlines, Inc. et al. 3:15-cv-00474 VC
John, Richard v. United Airlines, Inc. et al. 3:15-cv-00475 VC
Briscoe, Odie v. United Airlines, Inc. et al. 3:15-cv-00476 VC
Hartsfield, Terrence v. United Airlines, Inc. et al. 3:15-cv-00477 VC

Plaintiffs and Defendants hereby submit this JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014 and Civil Local Rule 16-9.

1.      **JURISDICTION & SERVICE**

        a.      **Jurisdiction and Service**

        **Plaintiffs**

On June 11, 2015, Plaintiffs filed a L.R. 6-3 Motion to Change Time Re: Response to June 11, 2015 Amended Order Dismissing Claims With Leave To Amend.  Plaintiffs filed a Petition for Writ of Mandate concerning the Court's Amended Order Dismissing Claims With Leave to Amend, along with an Emergency Motion to Stay Proceedings pursuant to Ninth Circuit Rule 27-3.  Plaintiffs provided notice of these filings on June 12, 2015.  On July 17, 2015, the Ninth Circuit denied the Writ and denied the C.R. 27-3 Emergency Motion for Stay as moot.

No issues about the Court's jurisdiction over the claims in these matters are present.  The Court has jurisdiction over this action under 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3) and 42 U.S.C. §1981.  The action presents federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., as amended, and 42 U.S.C. §1981.  The Court has supplemental jurisdiction over Plaintiff's California law claims pursuant to 28 U.S.C. § 1367 because the Court has already ruled that the California Fair Employment and Housing Act claims arise out of the same transactions and occurrences.  Both remaining Defendants have been served; however neither have filed an answer.

        **Defendants**

Subject matter jurisdiction exists under Title VII of the Civil Rights Act of 1964 ("Title VII") for each Plaintiff.

On June 12, 2015, Plaintiffs Briscoe, Crocker, Ecung, Haney, Hartsfield, John, Johnson, Jones, Manswell, Miller, Minter, Noble, Palmer, Ricketts, Roane, Robinson, Sherman, Tom, Washington, and Wilson filed a consolidated Petition for Writ of Mandamus Vacating the Court's Amended Order Dismissing Claims With Leave to Amend, as well as a consolidated Emergency

1   Motion for Stay of Proceedings Pending Resolution of Petition for Writ of Mandamus.[1]   On July

2   17, 2015, the Ninth Circuit denied the Writ and denied the Emergency Motion for Stay as moot.

3       **b.      Venue**

4       **Plaintiffs**

5       Plaintiffs' position is that venue remains appropriate in the Northern District of California

6   because Plaintiffs they evidenced an interest in a position that resulted in Plaintiffs working in the

7   Northern District of California.   The allegations of the Sixth Amended Complaints will make

8   resolve the venue question.    Plaintiffs have asked Defendants not to reargue venue motions in

9   the Case Management Statement, and Plaintiffs will not brief venue issues in this Case

10  Management Statement.

11      **Defendants**

12      In Defendants' last CMC statement, Defendants described the need to address venue at the

13  earliest reasonable time.[2]  However, as the Court and counsel have addressed, venue cannot be

14  easily or properly assessed based on the Plaintiffs' Fifth Amended Complaints ("5AC") because

15  the only connection to the Northern District of California of many plaintiffs arises out of alleged

16  discrimination in connection with placement into identical "special assignments."  Rather than

17  stating individualized claims after this case was severed, 20 pilot Plaintiffs merely cut-and-pasted

18  into the 5ACs 43 to 48 identical special assignments from the general allegations of the prior

19  complaint.  Amendment was clearly needed to address a misguided attempt to manipulate venue

20  by alleging a connection to the Northern District through implausible, overlapping allegations that

21  lacked foundation.

22      This Court issued an Order to Show Cause ("OSC") on April 13, 2015 as to all of the

23  related cases except Haynie, Gadson and Montgomery (discussed below).   Following briefing

24  and hearing on the Court's OSC, the Court ordered each Plaintiff to file a Sixth Amended

25  Complaint on or before June 12, 2015, correcting deficient allegations as to unposted positions

26

27  [1] *See, e.g.*, Case No. 3:12-cv-02730-VC (Johnson), Dkts. 172, 172-1, 172-2, filed 6/12/15.

28  [2] Venue has been and remains expressly reserved to a time that the Court deems appropriate to
    address it in any case where venue remains at issue.

1   and special assignments.[3]  They failed to do so.  Instead, on June 11, 2015, each Plaintiff filed a

2   motion seeking an extension of time to file a Sixth Amended Complaint.[4]

3          The Motion to Change Time filed on behalf of each Plaintiff is belated, improper and

4   unsupported by good reason.  Plaintiffs had ample opportunity at the last status conference on

5   May 21, 2015 (when the Court discussed its ruling dismissing Plaintiffs' unposted position and

6   special assignment allegations with leave to amend), as well as three weeks thereafter, to clarify

7   any purported confusion over the Court's ruling.  Delay could not have been occasioned by the

8   Court's June 11 Amended Order, as the Amended Order did nothing to change the substance of

9   the Court's ruling on dismissal; it merely clarified the already clear point that posted positions

10  were not the subject of the OSC or order thereon.

11         In light of Plaintiffs' (1) failure to state viable claims, and (2) failure to file sixth amended

12  complaints as ordered by this Court four weeks ago on May 22, 2015, Plaintiffs' claims as to

13  unposted positions and special assignments should be dismissed now, with prejudice.

14  Accordingly, the 5ACs brought by 7 Plaintiffs (Ecung, Haney, Miller, Palmer, Ricketts,

15  Robinson, and Washington) should be dismissed in their entirety, without further leave to amend,

16  as their claims are based solely on deficient allegations which relate to unposted positions and

17  special assignments that fail to state a claim.  As for the remaining 13 Plaintiffs (Briscoe,

18  Crocker, Hartsfield, John, Johnson, Jones, Manswell, Minter, Noble, Roane, Sherman, Tom, and

19  Wilson), all of the claims of each Plaintiff relating to unposted positions and special assignments

20  in the 5AC should be dismissed with prejudice for failure to state a claim. Plaintiffs should

21  thereafter be ordered to immediately file an amended complaint for any of the 13 plaintiffs who

22  alleges that he was discriminated against because of his race in the failure to promote him to a

23

24

25  [3] *See, e.g.*, Order Dismissing Claims With Leave to Amend, Case No. 3:15-cv-00456-VC
    (Ecung), Dkt. 34 ("May 22 Order"); Amended Order Dismissing Claims With Leave to Amend,
26  Case No. 3:12-cv-02730-VC (Johnson), Dkt. 169, filed 6/11/15 ("June 11 Order"); *see also*
    Section 2 (Facts), below.
27  [4] *See, e.g.*, Plaintiff's L.R. 6-3 Motion to Change Time Re: Response to June 11, 2015 Amended
    Order Dismissing Claims With Leave To Amend, Case No. 3:12-cv-02730-VC (Johnson), Dkt.
28  171, filed 6/11/15.

1   posted position as already alleged in the 5AC.[5]  Once amended complaints are filed for the 13

2   individual plaintiffs who allege disparate treatment claims relating to posted positions, a briefing

3   schedule for Defendants' responsive pleadings to each complaint and for venue motions is

4   suggested.

5       Alternatively, if the Court gives Plaintiffs an extended opportunity to comply with its

6   order to file amended complaints that include allegations, if any, as to individualized claims

7   relating to disparate treatment in the failure to promote to unposted positions or special

8   assignments, then any such amended complaints first should be filed and related pleading

9   challenges resolved, before addressing venue, which Defendants continue to expressly reserve.

10      **Defendants' Venue Analysis**

11      Venue in this case must be determined under Title VII, 42 U.S.C. § 2000e-5(f)(3), which

12   confers venue in either (1) a judicial district in the state in which the "unlawful employment

13   practice is alleged to have been committed";[6]  (2) the judicial district in which "the employment

14   records relevant to such practice are maintained and administered"; or (3) the judicial district in

15   which "the aggrieved person would have worked but for the alleged unlawful employment

16   practice."[7]  For those Plaintiffs where venue is proper, Defendants seek transfer under 28 U.S.C.

17   § 1404 (a), for the "convenience of the parties and witnesses and in the interests of justice."

18      Venue motions are anticipated as to the Plaintiffs other than Johnson and Hartsfield.

19   Defendants' venue analysis is most easily analyzed based on two different groups of Plaintiffs.

20      *Group #1:  No Connection to the Northern District Except Identical Special Assignments*

21   *Allegedly Denied to Multiple Plaintiffs.*

22

23   _____

24   [5] To promote efficiency and manageability Defendants urge the filing of amended complaints
     which contain only those claims relating to posted positions allegedly denied because of race.

25   [6] Employment practices are committed where an adverse employment decision is made or where
     the effect of the decision is felt, namely, where the employee works.  *Passantino v. Johnson &*

26   *Johnson Consumer Prods. Inc.*, 212 F.3d 493, 505 (9th Cir. 2000).
     [7] Section 5(f)(3) also contains a default provision, inapplicable here, which is triggered if

27   Defendants cannot be found in the judicial districts subject to the first three prongs.  It provides
     "but if the respondent is not found within any such district, such an action may be brought within

28   the judicial district in which the respondent has his principal office."

1    Some Plaintiffs have no connection to the Northern District except special assignments.

2    These Plaintiffs, among others, implausibly allege that somewhere between 43 and 48 of the

3    identical special assignments were denied to each of them.  Special assignments cannot be used to

4    ground venue in the Northern District of California.  Venue is improper in these cases.[8]

5         *Group #2:  Forum Non Conveniens.*

6         Defendants will request that venue be transferred based on 28 U.S.C. § 1404(a) (except

7    Johnson and Hartsfield).  The most convenient forum for the parties is the district where each

8    Plaintiff is domiciled.  In addition to the fact that personnel files are administered and maintained

9    at the domicile, witnesses and evidence are located there.  Importantly, the Plaintiffs' supervisors

10   are typically domiciled in the same locations as the Plaintiffs.  It is anticipated that supervisors

11   sharing each Plaintiff's domicile will be involved in the defense of the case, including appearing

12   for litigation events such as hearings and trial.

13        Previously, Plaintiffs argued that venue is proper based on electronic records related to

14   promotions that are stored in the Northern District by a software application known as "Taleo."

15   To the extent Plaintiffs intend to rely on this same argument, they are wrong.  The law and facts

16   do not support their theory.

17

18   **2.    FACTS**

19        **Plaintiffs**

20        Plaintiffs each allege that they suffered from a pattern and practice of race discrimination,

21   based on Defendants' employment policies and practices.  Such uniform and company-wide

22   policies and practices include:

23             (a)    Failure to consistently post job and promotional openings;

24             (b)    Limiting promotions to individuals with special assignment experience;

25             (c)    The closing and reopening of job postings to deny interviews;

26

27   [8] All allegations as to special assignments and unposted positions should be dismissed with
     prejudice, in light of the Court's May 22 and June 11 Orders finding that such allegations fail to
28   state a claim, and Plaintiffs' subsequent failure to amend their complaints as ordered by the Court.

(d)   Reliance upon unweighted, arbitrary, and subjective criteria;

(e)   Reliance on racial stereotypes;

(f)   Pre-selection and "grooming" of non-African-American employees;

(g)   Maintenance of largely racially segregated job categories and departments;

(h)   Deterrence and discouragement

These specific employment practices are common to all Plaintiffs' claims, as will be set forth in Plaintiffs' Sixth Amended Complaints.

Plaintiffs allege that problems resulting from these practices were systemic and company-wide.  Plaintiffs have identified, and the Court has ruled that Plaintiffs have stated, claims under Title VII, the FEHA, and 42 U.S.C. §1981 as to three specific categories of these company-wide practices:  (1) temporary management positions[9], (2) unposted permanent management positions, and (3) posted permanent management positions.  These promotions demonstrate a pattern and practice of Company-wide discrimination.

**Defendants**

Defendants United Airlines, Inc. and Continental Airlines, Inc. operated as separate airlines until a merger in 2010, when they became two wholly owned subsidiaries of United Continental Holdings, Inc.  All 20 Plaintiffs with actions before this Court are pilots.[10]  All Plaintiffs were employed before the merger, and many assert claims related to pre-2010 merger occurrences.  Briscoe and Sherman worked for Continental prior to the merger, whereas the remaining Plaintiffs worked for United.

---

[9]  Defendants have repeatedly referred to these positions as "temporary management positions" in this litigation, despite its new-found claim that these positions are not actionable under Title VII because they are not "promotions".  *See Barefield v. Chevron U.S.A.*, 1997 U.S. Dist. LEXIS 237, *25 n.13 (N.D. Cal. Jan. 2, 1997) (finding that defendant-employer's appointments were promotions rather than "lateral reassignments" based on the rank, authority, and prestige of the positions at issue, and rejecting the contention that an immediate pay increase was a legal prerequisite of a promotion)*; Hunt v. City of Markham*, 219 F.3d 649 (7th Cir. 2000) (denial of raise and denial of temporary promotion actionable under Title VII).  Defendants have not been specific in how the newly-raised question of whether these temporary management positions are actionable will impact the venue motion or the case schedule.

[10]  Plaintiffs Gadson and Montgomery, whose cases recently were transferred out of this Court, are airport operations supervisors.

1   Each Plaintiff is based at a specific airport location which is referenced by an airport code,

2   and commonly known as the domicile.  For instance, a pilot based in San Francisco will have a

3   code of SFO.  Six Plaintiffs allege they are based in California, two in San Francisco (Hartsfield,

4   Johnson) and four in Los Angeles (Ecung, Miller, Palmer and Crocker).[11]  The remaining 14

5   Plaintiffs are based in Virginia, Colorado, New Jersey, Texas, Illinois, and New York.

6   Although this is a failure-to-promote case, many Plaintiffs do not allege that they applied

7   for a single position posted on the software application, Taleo.  Instead they claim discrimination

8   with respect to many of the same unposted positions (i.e. positions that purportedly did not appear

9   in Taleo) as well as many of the same, temporary, special assignments.  Other Plaintiffs claim

10   discrimination with respect to allegedly denied promotions for a range of posted positions, in

11   addition to overlapping unposted positions and special assignments.  The claims implicate many

12   different time periods.  Plaintiffs have diverse backgrounds, training, qualifications and

13   experience.

14   Plaintiffs originally filed a single lawsuit on May 29, 2012, and then voluntarily amended

15   the complaint on July 20, 2012.  Since then, Defendants have filed several motions and the then-

16   assigned Court (Hon. Maxine Chesney) issued several orders as to deficiencies in what was then a

17   combined 23 plaintiff case, including Plaintiffs' failure to meet the minimum pleading standards

18   of Federal Rule of Civil Procedure ("FRCP") 8.  Judge Chesney granted Defendants' motion to

19   sever on February 2, 2015, and Plaintiffs filed their 5ACs.  However, the 5ACs were not

20   individualized, and contained previously dismissed claims[12] as well as generalized discrimination

21

22   [11] Crocker became domiciled in Los Angeles in 2014.  Previously he was domiciled outside of
California.

23   [12] Plaintiffs' counsel verbally agreed to stipulate to remove all dismissed claims.  On or about

24   March 18, 2015, defense counsel sent a stipulation detailing those claims.  However, to date,
Defendants have not received a signed stipulation.  Instead, Plaintiffs improperly continue to rely

25   on and represent that the previously dismissed allegations are a basis for their claims.  *See, e.g.*,
Petition for Writ of Mandamus Vacating the Court's Amended Order Dismissing Claims With

26   Leave to Amend, Case No. 3:12-cv-02730-VC (Johnson), Dkt. 172-1, filed 6/12/15 ("Each
Petitioner alleges United's policy and practice of not posting special assignments, includes the

27   following positions… (1) temporary and/or acting Flight Manager ("FO" and Captain) … (14)
Training Committee, with a corresponding increase in pay and pension contributions, from 2008

28   to the present in all domiciles.").

1   claims under Title VII, Section 1981, and the California Fair Employment and Housing Act

2   ("FEHA").[13]  The 23 individual cases were eventually all deemed "related" and all assigned to

3   this Court.

4         Plaintiffs' statement that "the Court has ruled Plaintiffs have stated claims" as to

5   "temporary management positions" and "unposted permanent management positions," is

6   inaccurate.  As an initial but fundamental matter, no other court has ever examined the sufficiency

7   of any complaint filed individually on behalf of each single plaintiff.  Further, during a March 24,

8   2015 Case Management Conference, and a further conference on April 9, 2015, this Court

9   expressly questioned the sufficiency of the Plaintiffs' 5ACs, which contained identical allegations

10  that were cut-and-pasted from their prior, collectively filed 4AC.[14]  This Court then issued an

11  OSC with respect to each Plaintiff's disparate treatment claims, except Haynie, Gadson, and

12  Montgomery.

13        Following briefing on the OSC, on May 22, 2015, the Court dismissed without prejudice

14  the 5ACs of 7 Plaintiffs (Ecung, Haney, Miller, Palmer, Ricketts, Robinson, and Washington),

15  finding that their complaints failed to state a claim as to unposted positions and special

16  assignments.[15]  Similarly, as to 13 Plaintiffs (Briscoe, Crocker, Hartsfield, John, Johnson, Jones,

17  Manswell, Minter, Noble, Roane, Sherman, Tom, and Wilson), the Court dismissed without

18  prejudice their claims relating to unposted positions and special assignments, but not claims

19  related to posted positions.[16]  In each of the 20 cases, the Court ordered Plaintiffs to file an

20  amended complaint by June 12, 2015, to state a claim as to unposted positions and special

21

22

23  [13] Some Plaintiffs do not have FEHA claims.

24  [14] *See* Transcript of Proceedings on 4/9/15, Case No. 3:15-cv-00460-VC, Dkt. 24, 17:10-20
    ("You have to include factual allegations in the complaint that, if proven true, would state a claim

25  for race discrimination.  I don't believe you've done that in any of these 22 complaints, which
    you've cut and pasted from your prior complaint and you filed identical complaints on behalf of

26  22 plaintiffs").

27  [15] *See, e.g.*, Order Dismissing Claims With Leave to Amend, Case No. 3:15-cv-00456-VC
    (Ecung), Dkt. 34.

28  [16] *See e.g.*, Amended Order Dismissing Claims With Leave to Amend, Case No. 3:12-cv-02730-
    VC (Johnson), Dkt. 169, filed 6/11/15.

assignments. *See* May 22 and June 11 Orders. However, as of the submission of this Joint Case Management Conference Statement, Plaintiffs have failed to file any amended complaints.

Instead, on June 7, 2015, each Plaintiff filed a Request for Certification of Direct Interlocutory Appeal of the Court's Order Dismissing Claims with Leave to Amend, as well as a Request for Stay Pending Certification for Interlocutory Appeal or Mandamus Relief.[17] After the Court denied Plaintiffs' motions,[18] Plaintiffs sought an extension of time to file their amended complaints.[19] Plaintiffs concurrently challenged the Court's order through a consolidated Writ of Mandamus, and requested an emergency stay of proceedings pending disposition of the Writ.[20] On June 17, 2015, the Ninth Circuit denied Plaintiffs' recent submissions.

Three Plaintiffs were omitted from the OSC: Plaintiffs Gadson, Montgomery, and Haynie. As to Gadson and Montgomery, the Court granted Defendants' motion to transfer the cases. *See* 5/22 Transfer Order, Dkt. 31 (Gadson); Dkt. 34 (Montgomery). Plaintiff Haynie's case was transferred to the Eastern District of Virginia on May 8, 2015, pursuant to the parties' stipulation.[21]

Finally, Defendants have provided three detailed charts, attached hereto as Exhibits A-C, which graphically demonstrate the number and type of special assignments, unposted positions, and posted positions allegedly denied to each Plaintiff, under each statute. These charts were designed to be helpful to the Court and counsel in assessing all of the substantive and procedural issues presented by the 20 cases before the Court.

---

[17] *See, e.g.*, Case No. 3:12-cv-02730-VC (Johnson), Dkts. 167, 168.
[18] *See, e.g.*, Order Denying Motion to Certify Appeal and Denying Motion to Stay, Case No. 3:12-cv-02730-VC (Johnson), Dkt. 170, filed 6/11/15.
[19] *See, e.g.*, Plaintiff's L.R. 6-3 Motion to Change Time Re: Response to June 11, 2015 Amended Order Dismissing Claims With Leave to Amend, Case No. 3:12-cv-02730-VC (Johnson), Dkt. 171, filed 6/11/15.
[20] *See, e.g.*, Petition for Writ of Mandamus Vacating the Court's Amended Order Dismissing Claims With Leave to Amend, Case No. 3:12-cv-02730-VC (Johnson), Dkts. 172, 172-1, 172-2, filed 6/12/15.
[21] *See* Order of Transfer, Case No. 3:15-cv-00467-VC, Dkt. 28, filed 5/8/15.

### 3.   LEGAL ISSUES

**Plaintiff**

Depending upon what Defendants choose to deny or admit from the Sixth Amended Complaint, and what affirmative defenses Defendants choose to assert, the principal legal issues in dispute at the present time include:

- Whether Defendants can offer a legitimate business reason for not permitting Plaintiffs to participate in temporary management positions.

- If Defendants can articulate a legitimate business reason for not permitting Plaintiffs to participate in temporary management positions, whether such reason is worthy of credence, or is more likely than not pretext for discrimination.

- Whether Defendants can offer a legitimate business reason for not permitting Plaintiffs to participate in permanent management positions.

- If Defendants can articulate a legitimate business reason for not permitting Plaintiffs to participate in permanent management positions, whether such reason is worthy of credence, or is more likely than not pretext for discrimination.

- Whether Defendants can offer a legitimate business reason for not selecting Plaintiffs for the permanent management positions which were posted and for which Plaintiffs applied.

- If Defendants can articulate a legitimate business reason for not selecting Plaintiffs for the permanent management positions which were posted and for which Plaintiffs applied, whether such reason is worthy of credence, or is more likely than not pretext for discrimination.

- Whether Defendants chose to exclude Plaintiffs from management opportunities with malice and a conscious disregard for their rights sufficient to support an award of punitive damages.

**Defendants**

Continued early attention by the Court to the problems that have arisen from the 3-year history and cut-and-paste approach taken in the 5ACs is necessary and appropriate to ensure fast

and efficient litigation. Federal Rule of Civil Procedure 16(c)(2)(L) authorizes the Court to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Before disclosures and discovery, each Plaintiff should be required to state allegations that support his disparate treatment claims.[22]

Principal legal issues in dispute at the present time include:

- Whether 7 Plaintiffs' (Ecung, Haney, Miller, Palmer, Ricketts, Robinson, and Washington) actions should be dismissed, with prejudice, for failure to amend pursuant to the Court's May 22, 2015 Order Dismissing Claims With Leave to Amend.

- Whether 13 Plaintiffs' (Briscoe, Crocker, Hartsfield, John, Johnson, Jones, Manswell, Minter, Noble, Roane, Sherman, Tom, and Wilson) allegations relating to unposted positions and special assignments should be dismissed and/or stricken, with prejudice, and their claims limited to the alleged failure to receive posted positions, for failure to amend pursuant to the Court's June 11, 2015 Amended Order Dismissing Claims With Leave to Amend.

- Whether 13 Plaintiffs should file amended complaints limited to any remaining disparate treatment claims relating to the alleged failure to receive posted positions as the result of disparate treatment.[23]

- Whether a conflict of interest exists in the representation of multiple plaintiffs who allege discriminatory failure to promote to the same positions, and, if so, whether a briefing schedule should be set to address any such issues.

---

[22] "Investing time in the early stages of the litigation . . . will lead to earlier dispositions, less wasteful activity, shorter trials, and, in the long run, economies of judicial time and fewer judicial burdens." Manual for Complex Litigation ("MCL") § 10.1.

[23] No new claims are permitted without order of the Court. *See* Order Granting Motion to Sever, Case No. 3:12-cv-02730-MMC, Dkt. 130, filed 2/2/15 ("In each new case… the named plaintiff is hereby DIRECTED to file, no later than March 2, 2015, a Fifth Amended Complaint… Each such plaintiff may not add new claims or new defendants without leave of court.").

- Whether the Plaintiffs (except Johnson and Hartsfield) have brought claims in an improper or inconvenient venue, requiring dismissal or transfer pursuant to FRCP 12(b)(3), 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1404, 1406.

- Whether, in their 5ACs, Plaintiffs improperly re-allege a number of claims previously dismissed by the Johnson Court with prejudice.

- Whether Continental Airlines, Inc. is improperly named as a Defendant and must be dismissed.

- To the extent Plaintiffs' 5AC allegations based on special assignments are not dismissed with prejudice for failure to state a claim:  Whether special assignments, which are not posted, are, in fact, promotions, and, if not, whether special assignment claims must be eliminated from the case.

- Whether each Plaintiff's claims are barred by the statute of limitations.

- Whether the Operative Complaint and each claim contained therein fails to state a claim upon which relief can be granted.

- Whether triable issues of fact exist as to each Plaintiff's claims.

- Whether each Plaintiff can prove a prima facie case of disparate treatment based upon race.

- If each Plaintiff establishes a prima facie case of disparate treatment  (i.e., the existence of an adverse employment action, intentional discrimination in the failure to promote in a defined specific instance, causation), then:  whether the decisions related to each specific promotion or special assignment at issue for each individual Plaintiff in the 5AC were made for legitimate, non-discriminatory reasons.

- If each Plaintiff establishes a prima facie case and Defendants establish a legitimate, non-discriminatory reason, then:  whether each Plaintiff can prove that Defendants' proffered non-discriminatory reasons for rejecting each Plaintiff for each promotion to an available position or special assignment at issue in the 5AC were actually a pretext for discrimination.

- Whether each Plaintiff can prove causation and any recoverable damage as a result of

1    any alleged unlawful conduct by Defendants.

2

3    **4.    MOTIONS**

4        **Plaintiffs**

5        As set forth above, Plaintiffs do not currently anticipate any motions other than the

6    pending motion to enlarge time to respond to the Court's Amended Order Dismissing Claims

7    With Leave to Amend to permit the filing of the Sixth Amended Complaints.  Depending upon

8    the admissions, denials and affirmative defenses set forth in Defendants' answer, Plaintiffs may

9    file Fed. R. Civ. P. 12(b)(6) motions as to defenses, Fed. R. Civ. P. 34 dispositive motions,

10   Daubert motions, consolidation motions for appropriate trial or dispositive motions, and motions

11   in limine for trial.

12       **Defendants**

13       Defendants anticipate the following motions at this time:

14   • Motions to Dismiss and/or Transfer Plaintiffs' Operative Complaints for

15       Improper/Inconvenient Venue ("Venue Motions") except in the cases of Johnson and

16       Hartsfield.

17   • To the extent Plaintiffs are afforded an extended opportunity to comply with the

18       Court's order to amend their complaints to state a claim:  Motion to Dismiss/Strike

19       Claims for Failure to State a Claim.

20   • Motion to Dismiss/Strike Improperly Realleged Claims (to the extent the parties are

21       unable to stipulate and improperly realleged claims are not voluntarily removed from

22       the operative complaints).

23   • Motion for Judgment on the Pleadings.

24   • Motion for Protective Order re:  Confidentiality to Protect Proprietary, Confidential,

25       Private Information (to the extent the parties are unable to agree).

26   • Motion to Bifurcate/Sever/Phase Litigation.

27   • Potential discovery motions.

28   • Motions for Summary Judgment or Partial Summary Judgment.

1      •   Motions in Limine.

2

3    **5.**     **AMENDMENT OF PLEADINGS**

4       **Plaintiffs**

5       Now that the Ninth Circuit has resolved Plaintiffs' Petition for Writ of Mandate Plaintiffs

6 seek leave to file their Sixth Amended Complaints, and Suggest June 30, 2015 as the cutoff in the

7 schedule set forth below. Plaintiffs may move to have the pleadings conform to the evidence

8 adduced in discovery and at trial.

9       **Defendants**

10       Over the course of more than three years, Plaintiffs have been afforded multiple

11 opportunities to state a viable claim of disparate treatment discrimination as based on the alleged

12 failure to receive unposted positions and special assignments. On May 22 and June 11, 2015,

13 Plaintiffs were given "one more opportunity" to amend their 5ACs to state a claim of

14 discrimination based on alleged disparate treatment in the failure to be promoted to unposted

15 positions and special assignments, no later than June 12, 2015. *See* May 22 and June 11 Orders.

16 Plaintiffs failed to do so. Plaintiffs have been on notice since the May 21 hearing that they would

17 have to amend the complaints. Having failed to comply with the Court's express orders,

18 Plaintiffs' claims – to the extent based on unposted positions and special assignments – should be

19 dismissed without further leave to amend.

20       Accordingly, the 5ACs brought by 7 Plaintiffs (Ecung, Haney, Miller, Palmer, Ricketts,

21 Robinson, and Washington) should be dismissed in their entirety, without further leave to amend,

22 as their claims are based solely on deficient allegations of unposted positions and special

23 assignments that fail to state a claim. As for the remaining 13 Plaintiffs (Briscoe, Crocker,

24 Hartsfield, John, Johnson, Jones, Manswell, Minter, Noble, Roane, Sherman, Tom, and Wilson),

25 any allegations of unposted positions and special assignments pled in their 5ACs should be

26 dismissed or stricken with prejudice.

27

28

1  In sum, the only remaining actions should be those brought by the 13 Plaintiffs listed

2  above.  Each of those actions should be limited to claims of disparate treatment based on the

3  alleged failure to receive posted positions.

4

5  **6.  EVIDENCE PRESERVATION**

6  **Plaintiffs**

7  Plaintiffs have taken reasonable efforts to preserve all evidence and continue to do so.

8  **Defendants**

9  Defendants have taken reasonable efforts to preserve all evidence and continue to do so.

10

11  **7.  DISCLOSURES**

12  **Plaintiffs**

13  Plaintiffs have proposed exchange of initial disclosures in all matters for July 15, 2015.

14  **Defendants**

15  Defendants have met and conferred about initial disclosures.  Defendants propose that

16  initial disclosures be exchanged in two phases as described below in Section 17.[24]

17

18  **8.  DISCOVERY**

19  **Plaintiffs**

20  Plaintiffs' discovery plan is included in its detailed case plan set forth below in the

21  comprehensive schedule in Section 17.

22  **Defendants**

23  Defendants' discovery plan is included in its detailed case plan set forth below in the

24  comprehensive schedule in Section 17.

25

26

27

_____

[24] Discovery and initial disclosures are currently stayed pursuant to of the Court's order in

28  *Johnson*, which attaches to this case.  Aug. 8, 2014 Tr. at 25:18-26:20.

**9.     CLASS ACTIONS**

The present cases are not class actions.

**10.     RELATED CASES**

In the Northern District of California:

- *Haynie v. United Airlines, Inc. et al.*, 4:15-cv-00467 VC.
- *Montgomery v. United Airlines, Inc.,* 3:15-cv-00459-VC
- *Gadson v. United Airlines, Inc.* , 3:15-CV-00460-VC

In other jurisdictions:

- *Haynie v. United Airlines, Inc. et al.*, Case No. 1:15-cv-00604-LMB-JFA (recently transferred to Eastern District of Virginia).
- *Haynie v. United Airlines, Inc. et al.*, Case No. 1:15-cv-00625-LMB-IDD (pending in the Eastern District of Virginia).[25]
- *Gadson v. Continental Airlines, Inc. et al.*, Case No. 2:15-cv-03642-MCA-MAH (recently transferred to District of New Jersey).
- *Montgomery v. United Airlines, Inc. et al.*, Case No. 1:15-cv-00697-LO-JFA (recently transferred to Eastern District of Virginia).

**11.     RELIEF**

**Plaintiffs**

Plaintiffs have each prayed for comprehensive injunctive relief to address the company-wide practices at the heart of Plaintiffs' individual claims, in addition to back and front pay, general and special damages, attorney's fees, interest, costs of suit, and punitive damages.

**Defendants**

Defendants deny that each Plaintiff is entitled to any of the relief sought.

---

[25] On May 14, 2015, Plaintiff Haynie initiated a new action and filed a new Complaint in the Eastern District of Virginia, alleging claims based on the same facts and series of transactions as are pled in his 5AC, also pending before the Eastern District of Virginia pursuant to this Court's transfer of the case.

**12.      SETTLEMENT AND ADR**

      **Plaintiffs**

      The parties have not yet engaged in any ADR efforts.  Plaintiffs remain amenable to private or panel mediation.  Defendants have not responded to Plaintiffs' offers to engage in ADR.

      **Defendants**

      Defendants do not wish to engage in alternative dispute resolution at this time.

**13.      CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

      **Plaintiffs**

      The parties have previously declined to have a Magistrate Judge assigned for all purposes.

      **Defendants**

      Defendants do not consent to have a magistrate judge conduct further proceedings.

**14.      OTHER REFERENCES**

      **Plaintiffs**

      This case is not currently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

      **Defendants**

      The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.      NARROWING OF ISSUES**

      **Plaintiffs**

      The prior motions to dismiss and strike in this matter have already narrowed the claims and issues as to each Plaintiff.

**Defendants**

Individualized complaints, setting forth the specific alleged disparate treatment for each Plaintiff, are critical not only to narrow the issues but to the orderly litigation of each of the 20 cases that remain before this Court.  In the event Plaintiffs are afforded an extended opportunity to comply with the Court's order to amend their complaints, and any such amended complaints still fail to assert individualized claims, Defendants intend to file motions to dismiss or strike with prejudice any deficient claims and/or allegations.  Similarly, to the extent Plaintiffs continue to include previously dismissed allegations in their operative complaints, Defendants will move to strike any such allegations.

## 16.   EXPEDITED TRIAL PROCEDURE

**Plaintiffs**

Plaintiffs are currently aware of no facts which would support the use of Expedited Trial Procedures in these matters.

**Defendants**

This case is not suitable to be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

## 17.   SCHEDULING

**Plaintiffs**

Assuming that the Ninth Circuit Court of Appeals rules upon Plaintiffs Petition for Writ of Mandate by July 15, 2015, Plaintiffs propose that the Court actively coordinate discovery in the various matters.  Plaintiffs propose the following schedule:

| | |
|---|---|
| 06/30/15 | Sixth Amended Complaints Filed |
| July 15, 2015 | Answers to Sixth Amended Complaints |
| 07/15/15 | Initial disclosures and commencement of fact discovery |

| 08/01/15 | Case Management Conference for Discovery Scheduling – Documentary Evidence of Specific Promotion Decisions |
| --- | --- |
| 10/01/15 | Case Management Conference for Coordination of Fact Discovery – Deposition Phasing:  Plaintiffs/Comparators/Decisionmakers |
| 12/01/15 | Case Management Conference for Coordination of Fact Discovery |
| 02/01/16 | Case Management Conference for Coordination of Fact Discovery |
| 04/01/16 | Case Management Conference for Coordination of Fact Discovery |
| 07/01/16 | Completion of Non-Expert Discovery: and Case Management for Consolidation Of Issues/Claims for Dispositive Motions |
| 09/15/16 | Hearing(s) on Consolidated Dispositive Motions |
| 10/15/16 | Last Day To Designate Experts And Produce Expert Reports |
| 11/15/16 | Last Day To Designate Rebuttal Experts And Produce Supp. Reports: |
| 12/01/16 | Completion of Expert Discovery |
| 01/15/17 | Hearing on Motions for Consolidation and Initial Pretrial Conference For First Matter |
| 02/15/17 | First Trial Date |
| 03/15/17 | Subsequent trials scheduled every 30 days with agreed upon breaks. |

**Defendants**

Defendants propose the following case plan and schedule:

| | |
| --- | --- |
| | The 5ACs brought by Plaintiffs Ecung, Haney, Miller, Palmer, Ricketts, Robinson, and Washington are dismissed without further leave to amend. |
| | All allegations of discrimination based on unposted positions and special assignments are stricken or dismissed without further leave to amend from the 5ACs of Plaintiffs Briscoe, Crocker, Hartsfield, John, Johnson, Jones, Manswell, Minter, Noble, Roane, Sherman, Tom, and Wilson.  These 13 Plaintiffs' actions are ordered to proceed only as to their disparate treatment claims as based on their alleged failure to receive posted positions. |
| 6/23/15 | CMC.[26] |
| 6/26/15 | Deadline to file Sixth Amended Complaints |
| 30 days after Sixth Amended Complaints filed | Respond to Sixth Amended Complaints (by answer, or motions to dismiss strike and/or transfer venue. |

---

[26] Dispositive motions may be filed any time prior to motion hearing cutoff.

Case No. 3:12-CV-02730-VC                    -19-

| At the Earliest Reasonable Time Before Any Initial Disclosures or Discovery | Briefing To Address Any Actual or Potential Conflict of Interest |
|---|---|
| 15 days after responsive pleadings filed And After Any Conflict of Interest Issues Are Addressed | Exchange initial disclosures and stay on written discovery lifted as to complaints not addressed by any motion to strike or dismiss. |
| 20 days after pleadings are settled | Meet and confer regarding deposition scheduling as to cases where pleadings are settled. |
| 10/28/15-6/30/16 | Plaintiffs' depositions.[27] |
| 4 months prior to trial | Expert exchange. |
| 21 days after initial exchange | Rebuttal expert exchange. |
| 3 months prior to trial | Fact and expert discovery cut-off. |
| 7 weeks prior to trial | Motion hearing cutoff. |
| 2 weeks prior to trial | Pretrial conference on first case. |
| 5/15/17 | Trial for first case; with subsequent trials scheduled every 30 days with agreed upon breaks in between. |

## 18.    TRIAL

### Plaintiffs

Plaintiffs have requested trial by jury, and anticipate motions to consolidate matters for trial based upon common questions of law and fact developed through discovery.  Accordingly, trial estimates would range from five days to weeks, depending upon which claims may be tried together.  The foregoing schedule anticipates that if no consolidation occurs, that individual trials would commence February 15, 2017 and proceed on a rolling or overlapping schedule, where the pretrial conference on the next trial occurs one week after the start of the last trial.

---

[27] Defendants hope to complete Plaintiffs' deposition as expeditiously as possible and have proposed this window of time for completion of the depositions.  All dates are contingent upon pleadings being settled.  Dates are preliminary only and may need adjustment

**Defendants**

It is not possible or productive to attempt to estimate the expected length of trial at this time.  Consolidation of the 20 individual cases before this Court is not appropriate.

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiffs**

Plaintiffs have no such entities or persons to disclose.

**Defendants**

Defendants filed a Certification of Interested Entities or Persons on August 29, 2012 in the *Johnson* matter.  Defendants certify as of this date, pursuant to Civil L.R. 3-15, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:  Defendants United Airlines, Inc. and United Continental Holdings, Inc.

**20.     PROFESSIONAL CONDUCT**

**Plaintiffs**

Counsel for Plaintiffs have read the Court's Guidelines for Professional Conduct promulgated by the United States District Court for the Northern District of California.

**Defendants**

The attorneys of record for Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     OTHER MATTERS THAT MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

**Plaintiffs**

Plaintiffs presently have no other matters to bring to the Court's attention at this time.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants**

As outlined above, actual or potential conflict of interest issues may need attention.

Defendants reserve all rights as to potential conflict of interests which arise from the

representation of multiple Plaintiffs as to the same claims, alleging discriminatory failure to

promote as to identical positions.

DATED:  June 19, 2015     SMITH PATTEN
                SPENCER SMITH
                DOW W. PATTEN

By: _____ /s/ Spencer Smith _____
            SPENCER SMITH

Attorneys for Plaintiffs
JOHNSON, ECUNG, MILLER, PALMER,
NOBLE, JONES, ROBINSON, ROANE, RICKETTS,
TOM, CROCKER, MANSWELL,
MINTER, WASHINGTON, WILSON,
SHERMAN, HANEY, JOHN, BRISCOE,
HARTSFIELD

DATED:  June 19, 2015     DONNA M. MELBY
                JENNIFER S. BALDOCCHI
                JI HAE KIM
                PAUL HASTINGS LLP

By: _____ /s/ Donna M. Melby _____
            DONNA M. MELBY

Attorneys for Defendants
UNITED AIRLINES, INC. AND
CONTINENTAL AIRLINES, INC.

1

## **CASE MANAGEMENT ORDER**

2

3      The above DEFENDANTS' CASE MANAGEMENT STATEMENT & PROPOSED

4   ORDER is approved as the Case Management Order for this case and all parties shall comply

5   with its provisions.

6      In addition, the Court makes the further orders stated below:

7   _____

8   _____

9   _____

10  _____

11

12  IT IS SO ORDERED.

13

14  Dated: _____, 2015      _____

15                                                Vince Chhabria
                                                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28