IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **KARL MINTER, an individual,**<br><br>    Plaintiff,<br><br>    v.<br><br>**UNITED AIRLINES, INC.;**<br>**CONTINENTAL AIRLINES, INC.; and**<br>**DOES 1-10**<br><br>    Defendants. | Case No.: 1:16-cv-01012-AJT-TCB |

## DEFENDANTS' DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f)(3) and the Scheduling Order filed in the related *Roane*[1] action on August 19, 2016 (Roane Dkt. 170), Defendants, United Airlines, Inc. and Continental Airlines, Inc., by counsel, request that the Court enter the following as its Discovery Plan for any discovery permitted by this Court. No local counsel having appeared on behalf of Plaintiff in this District, Defendants' separately propose the following Discovery Plan.

1. **Conference of the Parties:** On August 15, 2016, the then-assigned Court (Judge Brinkema) issued an order requiring all counsel to obtain local counsel by September 6, 2016, *see* Dkt. 150. Defendants understand that no local counsel has as yet been retained and/or has made an appearance on behalf of Plaintiff. Defendants further understand that no appearance has been made by Smith Patten, prior counsel in the Northern District of California, and have no

---

[1] Having been reassigned to the Honorable Judge Trenga, the Scheduling Order issued in the instant action (Dkt. 151) has been vacated, and the Scheduling Order issued in *Glen Roane v. United Airlines, Inc., et al.*, 1:16-cv-01004-AJT-TCB was ordered to govern. Dkt. 158.

understanding as to whether or not Smith Patten will represent Karl Minter in his lawsuit in this District.[2]  Defendants therefore singularly present this Discovery Plan prior to the initial pretrial conference, having considered the claims, defenses, possibilities of a prompt settlement or resolution of the case, trial before a magistrate judge, and having already arranged for the disclosures required by Rule 26(a)(1).  This discovery plan will complete discovery by Friday, January 13, 2017 per this Court's Scheduling Order.  Defendants do not wish to proceed before a United States Magistrate Judge in accordance with the provisions of 28 U.S.C. §636(c) and Fed. R. Civ. P. 73.

    2.    **Rule 26(a) Disclosures:**  The parties have previously exchanged the Initial Disclosures required by Rule 26(a)(1) on March 31, 2016.

    3.    **Discovery:**  As set forth in the Court's Scheduling Order, discovery will be completed on January 13, 2017.  Should the parties choose to propound interrogatories as part of written discovery, no party will serve any other party with more than thirty (30) interrogatories, including parts and subparts, without leave of Court, per the Scheduling Order.  Each party shall not exceed five (5) non-party, non-expert depositions without leave of Court per the Scheduling Order.  Defendants note, however, that Plaintiff's initial disclosures lists many more than five non-party, non-expert witnesses, including 19 of his former co-plaintiffs, who were misjoined as part of the original complaint filed in May 2012 until severance on February 2, 2015.  As such,

---

[2] Evidently, only one of the three counsel associated with Smith Patten, who represented Plaintiff while this case was pending in the Northern District of California, has updated his address with the Court, as two copies of the Court's orders were returned in the mail as undeliverable. *See* Dkts. 152 and 153.  The Court then ordered those two counsels to correct their addresses with the Clerk of Court forthwith.  Dkt. 154 and 155.  Again, however, no local counsel has appeared, no *pro hac vice* motions have been filed, and, to Defendants' understanding, no indication has been made that Smith Patten intends to continue to represent Plaintiff in this District.  Defendants also understand that Spencer Smith of Smith Patten withdrew as counsel for Plaintiff in September 2015 and is not currently eligible to practice law in California.  Dkt. 67.

Defendants anticipate the need to request leave from this Court to take more than five non-party, non-expert depositions if Plaintiff does not withdraw some of the former co-plaintiffs as witnesses.

Discovery in this matter has been opened twice, the first for a short time. The first time that discovery was opened was for "Phase One" discovery in which Defendants were permitted to take the deposition of Plaintiff based on his then-operative Sixth Amended Complaint in an effort to try to figure out what the claims of the plaintiff were at that time. *See* Case Management Order, Dkt. 48. Plaintiff was also permitted very limited discovery, excluding depositions. *Id.* Since then, however, Plaintiff has filed the Seventh Amended Complaint ("7AC") and discovery was reopened thereon, which necessitates taking Plaintiff's deposition on claims now brought, many for the first time, in his currently operative 7AC. Recognizing this, the then-assigned Court (Judge Chhabria) ordered the parties to press "the reset button" on discovery after the 7AC was filed, "without [Defendants] being penalized for the time they've used so far" on depositions. *See* Transcript of 1/19/2016 Case Management Conference, Dkt. 83 at 52:21-53:11. Defendants anticipate meet and confer efforts on any depositions, discovery, and related issues as may be necessary, and may require resolution by the Court.

Defendants also note that the same discovery completion date of January 13, 2017 and Final Pretrial Conference date of January 19, 2017 have been ordered in three of the four related cases currently in this District, *Roane*, *Manswell*, and *Ricketts*, as listed below.[3] Defendants

---

[3] The plaintiff in *Haynie v. United Airlines*, was also originally improperly joined as a co-plaintiff with Plaintiff in the Northern District of California. Post-severance, *Haynie*, amended his complaint to bring a claim for hostile work environment in this District, and the matter has since been dismissed with prejudice, reconsidered, and is now pending, with a final pretrial hearing to be held on November 17, 2016. The remaining three related cases each raise individual questions of facts relating to their disparate treatment and retaliation claims, and one has brought a breach of contract claims relating to a confidential agreement between the parties.

respectfully request a modified schedule which will stagger the pretrial schedule in three of the four related matters in order to reduce the current instances of conflicting deadlines and hearings, which will affect all expert and non-expert discovery, dispositive and non-dispositive motion practice, the final pretrial conference (all of which have deadlines coinciding with the holiday season and the New Year), and potentially trial.[4]

4. **Expert Discovery:** Consistent with Eastern District of Virginia Local Rule 26(D)(2) and provided that the request for a modified schedule to allow for staggered dates for pretrial schedules of the four (4) matters is not granted in the instant case, Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide the required report(s) pursuant to Fed. R. Civ. P. 26(a)(2)(B) on or before November 14, 2016 – 60 days prior to the discovery cutoff date of January 13, 2017. Defendants' Rule 26(a)(2)(A) expert disclosures and Rule 26(a)(2)(B) reports will be due on or before December 14, 2016 – 30 days after Plaintiff's required disclosures. Rebuttal reports by Plaintiff will be due December 29, 2016 consistent with Local Rule 26(D)(2) – 15 days after Defendants' disclosure.[5] All expert discovery shall be completed by January 13, 2017. Plaintiff shall make his experts available for deposition no later

---

[4] Although Minter filed his original complaint as an improperly joined action in the Northern District of California, alongside 22 other plaintiffs, the cases have since been severed and transferred to their proper districts. Defendants are currently and simultaneously litigating against a total of 19 matters, all severed from the original lawsuit. Ten of these cases remain in the Northern District of California; five of those cases have been designated as "Bellwether" cases with a discovery cutoff date of November 1, 2016. The other cases have been transferred as follows, with pretrial schedules to be set at forthcoming hearings: two matters transferred to the Southern District of Texas; one matter transferred to District of New Jersey; and one matter transferred to the Northern District of Illinois.

[5] The dates provided here are governed by Fed. R. Civ. P. 26(a)(2)(A). However, should Defendants' request to stagger the pretrial schedule among the four related cases not be granted, Defendants request that each deadline for expert disclosures, rebuttal, and depositions be set one week earlier than the date provided here, in order to provide sufficient time for the depositions of both parties' expert witnesses for all four matters.

than December 30, 2016, and Defendants shall make their experts available for deposition no later than January 9, 2017.

5. **Limitations on Discovery:** On August 24, 2015, a protective order ("Protective Order") was entered in this case while it was venued in the Northern District of California (Dkt. 55). The Protective Order will continue to govern discovery in this case. The Defendants agree that the parties will be governed by Local Rule 5 with respect to any party's request to file documents under seal with the Court.

6. **Electronic Discovery:** Defendants have taken reasonable efforts to preserve all evidence and continue to do so. Defendants have not yet received Plaintiff's production of documents responsive to now overdue discovery requests, which may include Electronically Stored Information ("ESI"). However, Defendants have been unable to further meet and confer regarding insufficient written responses or the whereabouts or nature of Plaintiff's outstanding production as no local counsel has yet appeared. As such, Defendants are not currently aware whether any dispute regarding the production of ESI requires resolution by the Court.

Defendants agree that if any information, document or ESI protected by privilege or work product protection is inadvertently produced, then the producing party will not waive any applicable privilege or protection. Upon discovering the inadvertent production, the producing party may require the return and/or destruction of the inadvertently produced document if warranted based upon applicable privilege or protection.

7. **Motion for Summary Judgment:** The parties will discuss a briefing schedule for any motions for summary judgment at the Rule 16(b) Pretrial Conference on September 14, 2016. Any motions for summary judgment shall be filed, at the latest, within a reasonable time following the Final Pretrial Conference, currently scheduled for January 19, 2017.

8. **Related Cases**: The related and pending cases in this District are as follows:

   a) *Terrance S. Haynie v. United Airlines, Inc., et al.*, 1:15-cv-00625-LMB-IDD;

   b) *Glen Roane v. United Airlines, Inc., et al.*, 1:16-cv-01004-AJT-TCB;

   c) *David Ricketts v. United Airlines, Inc., et al.*, 1:16-cv-01005-AJT-TCB; and

   d) *Anthony Manswell v. United Airlines, Inc., et al.*, 1:16-cv-01006-AJT-TCB.

ENTERED this _____ day of _____, 2016.

_____
Theresa Carroll Buchanan
United States Magistrate Judge

*[Signature follows on the next page]*

PROPOSED BY:

Dated: September 7, 2016

                                  Respectfully Submitted,

                                  By: /s/ Stefanee J. Handon_____

                                  Stefanee J. Handon (VSB Bar No. 80438)
                                  PAUL HASTINGS LLP
                                  875 15th Street, N.W.
                                  Washington, D.C. 20005
                                  Telephone: (202) 551-1700
                                  Facsimile: (202) 551-1705
                                  stefaneehandon@paulhastings.com

                                  Donna M. Melby (CA Bar No. 086417)
                                  (admitted *pro hac vice*)
                                  PAUL HASTINGS LLP
                                  515 South Flower Street
                                  Twenty-Fifth Floor
                                  Los Angeles, CA 90071
                                  Telephone: 213-683-6000
                                  Facsimile: 213-627-0705
                                  donnamelby@paulhastings.com

                                  William K. Whitner (GA Bar No. 756652)
                                  (admitted *pro hac vice*)
                                  PAUL HASTINGS LLP
                                  1170 Peachtree Street, N.E.
                                  Suite 100
                                  Atlanta, GA 30309
                                  Telephone: 404-815-2400
                                  Facsimile: 404-815-2424
                                  kwhitner@paulhastings.com

                                  Attorneys for Defendants
                                  United Airlines, Inc. and Continental Airlines, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **KARL MINTER, an individual,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**UNITED AIR LINES, INC.;<br>CONTINENTAL AIRLINES, INC.; and<br>DOES 1-10**<br><br>　　　　**Defendants.** | **Case No. 1:16-cv-01012-AJT-TCB** |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of September 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

I HEREBY CERTIFY that I will mail the document by U.S. mail to the following non-filing users:

> Dow W. Patten[6]
> Damien B. Troutman
> SMITH PATTEN
> 221 Main Street, Suite 740
> San Francisco, California 94105

　　　　　　　　　　　　　　　　　　　　/s/ *Stefanee J. Handon*
　　　　　　　　　　　　　　　　　　　　Counsel for Defendants
　　　　　　　　　　　　　　　　　　　　United Airlines, Inc. and Continental Airlines, Inc.

---

[6] As there has been no appearance by local counsel for Plaintiff, Defendants are serving Smith Patten, who represented Plaintiff while this case was pending in the Northern District of California and is Plaintiff's last-known counsel.